UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LOPEZ, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>     Plaintiff,<br><br> v.<br><br>SOURCE INTERLINK COMPANIES, INC., a Delaware corporation; COMPLETE PERSONNEL LOGISTICS, INC., an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No. 2:12-CV-00003-JAM-CKD<br><br>ORDER GRANTING PLAINTIFF'S <u>MOTION TO REMAND</u> |

   This matter is before the court on Plaintiff Jorge Lopez's ("Plaintiff") Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. #9). Defendant Source Interlink ("Defendant") opposes the motion (Doc. #12), and Plaintiff filed a Reply (Doc. #13). For the reasons given below, Plaintiff's motion is GRANTED.

## I. BACKGROUND

   Plaintiff filed a class action complaint in San Joaquin County Superior Court on October 28, 2011 (Doc. #1, Ex. A). Defendant then removed the action to this court on December 30, 2011 (Doc.

1

#1). Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction over Plaintiff's complaint pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff asserts that removal was improper and seeks remand on the grounds that Defendant has not met CAFA's jurisdictional amount in controversy requirement.

Plaintiff is a truck driver formerly employed by Defendants. Plaintiff was hired by defendant Consolidated Personnel Logistics ("CPL") and then leased to work for Defendant. Plaintiff's complaint contains seven causes of action against all defendants asserted on behalf of himself and others similarly situated:

1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); 2) Violation of California Labor Code §§ 1194, 1197, 1197.1 (Unpaid Minimum Wages); 3) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); 4) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses); 5) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); 6) Violation of California Labor Code §§ 2698, et seq.(Private Attorneys General Act("PAGA")); and 7) Violation of California Business and Professions Code §§ 17200, et seq.

II.  OPINION

A.  <u>Legal Standard</u>

Federal district courts have subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there exists at least minimal diversity of citizenship between

1 the parties and the class consists of at least 100 members.  CAFA,
2 28 U.S.C. §§ 1332(d)(2), 1332(d)(5).  A defendant may remove such
3 an action from state to federal court.  28 U.S.C. § 1441(a).
4     When a defendant removes a class action from state court
5 pursuant to CAFA, it bears the burden of showing jurisdiction.
6 Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir.
7 2007) (citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676,
8 685 (9th Cir.2006) (per curiam)).  When a plaintiff specifically
9 pleads an amount in controversy that is less than the $5,000,000
10 jurisdictional threshold, the removing defendant must "contradict
11 the plaintiff's own assessment of damages, [and] overcome the
12 presumption against federal jurisdiction" by showing with legal
13 certainty that the amount in controversy exceeds the statutory
14 threshold.  Id. at 999-1000.  The legal certainty standard requires
15 that the Defendant provide enough "concrete evidence . . . to
16 estimate" the actual amount in controversy.  Id. at 1000.  "The
17 'legal certainty' standard sets a high bar for the party seeking
18 removal, but it is not insurmountable."  Id.
19     B.   Analysis
20     The parties do not dispute that the class is sufficiently
21 numerous and that minimal diversity exists.  Plaintiff argues that
22 remand is proper only because he pleads entitlement to less than $5
23 million in damages.  Defendant opposes remand arguing that despite
24 Plaintiff's allegations, the amount in controversy is greater than
25 $5 million.
26          1.   Consideration of Evidence Introduced in Defendant's
                Opposition
27
28     Defendant claims in the Notice of Removal that Plaintiff's

3

claims place more than $5,000,000 in controversy.  In the notice, Defendant calculates that Plaintiff is claiming the following:

| | |
|---|---|
| Sixth Cause of Action (PAGA) | $418,300 |
| Third Cause of Action (Wage Statements) | $516,000 |
| Fifth Cause of Action (Waiting Time Penalties) | $203,040 |

Defendant then claims that the remaining causes of action, in addition to attorney's fees and other relief sought, would place the amount above $5 million, relying on an assumption that compensatory damages and attorneys' fees will exceed $25,000 for each of the 89 estimated class members.  Lombardi Decl., Notice of Removal, ¶¶ 29-30 (Doc.#1-2).

   Plaintiff's Motion to Remand focuses on the amounts projected in Defendant's Notice of Removal.  In opposition, however, Defendant re-calculates all of the amounts allegedly claimed by Plaintiff in order to assert significantly different sums:

| | |
|---|---|
| Sixth Cause of Action (PAGA) | $9,489,200 |
| Third Cause of Action (Wage Statements) | $1,536,000 |
| Fifth Cause of Action (Waiting Time Penalties) | $867,000 |
| Injunctive Relief | $720,488 |
| Attorneys' Fees | $2,973,140 |

Based on these new sums, the statutory threshold would be met by Plaintiff's PAGA claim alone.

   In the Reply, Plaintiff argues that the Court cannot consider evidence presented outside of Defendant's Notice of Removal. Defendant argues that the new evidence is properly considered as an amendment to the notice.  "[I]t is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits."  Willingham

4

v. Morgan, 395 U.S. 402, 408 n. 3 (1969).  Accordingly, the Court will consider the sums in Defendant's Opposition insofar as they are based on adequate evidence.

### 2. The Size of the Class

Plaintiff next argues that the sums in the Opposition include recovery by individuals who do not fall under the class definitions in the complaint.  Plaintiff points out that the projected class size for some of the claims in the Notice of Removal was only 89, but that it is 180 in Defendant's Opposition.  The Opposition relies on a declaration by John Hehnen which states, "[A] technical reading of Plaintiff's definition is that it consists only of drivers who worked for Source Interlink and CPL. . . . Nonetheless . . . I have assumed that Plaintiff's allegations are broader and that he purports to represent all drivers CPL leased in California, not just those leased to Source Interlink."  (Hehnen Decl. ¶¶ 4-5). Based on this broadened class definition, Defendant includes truck drivers in the class that worked for CPL in California, but not Defendant.

Defendant bears the burden of showing to a legal certainty that the Court has subject matter jurisdiction under CAFA. Lowdermilk, 479 F.3d at 999-1000.  The Court finds that Mr. Hehnen's assumption, which is not based on the language in the Complaint or concrete evidence, does not meet the Lowdermilk standard, and therefore the additional class members can not be considered in this motion.  The remaining drivers identified by Defendant are those that worked for Defendant, either directly or after being leased by CPL.  The Court finds that those drivers are properly considered class members based on the class definitions

for the purposes of subject matter jurisdiction.

### 3. The Amount in Controversy

#### a. The PAGA Claim

Plaintiff argues that the PAGA claim amount in controversy is inflated by the inclusion of drivers that do not fall under class definitions and because the class's recovery is limited to 25% of the amount awarded, with the rest going to the State of California.

According to PAGA, a successful aggrieved employee who sues for civil damages must give 75% of the award to the California Labor and Workforce Development Agency, and may keep only 25%. Cal. Labor Code § 2699(h)(i). The 75% awarded to the state is not considered to be an amount in controversy for jurisdictional purposes. Pulera v. F & B, Inc., No. 2:08-cv-00275-MCE-DAD, 2008 WL 3863489, at *4 (E.D. Cal. Aug. 19, 2008). After accounting for the improperly included class members (57 for this claim) and the 75% due to the state, the Court finds that the estimated amount in controversy shown by Defendant for this cause of action is, at most, approximately $1,407,175.[1] The Court notes that this estimate is also inflated since it is based on the assumption that all of the drivers in the class worked the full year, even though Defendant admits that this is not true. See Hehnen Decl. ¶ 12 (Some drivers quit part way through the year).

#### b. The Non-Compliant Wage Statements Claim

For the reasons discussed above, 198 drivers employed by CPL

---

[1] 123 Drivers x $100 for first violation x 7 causes of action = $86,100. 34 Drivers (paid weekly) x $200 for second violation x 7 causes of action x 51 remaining pay periods = $2,427,600. 89 Drivers (paid bi-weekly) x $200 for second violation x 7 causes of action x 25 remaining pay periods = $3,115,000. Plaintiff is only entitled to 25% of the sum total or 25% x $5,628,700 = $1,407,175. Oppo., at 3-5.

1 but not leased to Defendant were improperly included as class
2 members in Defendant's calculations in the Opposition.  Oppo., at
3 4.  After removing those drivers, the amount in controversy for
4 this claim is not $1,536,000 as estimated by Defendant, but is more
5 accurately calculated by multiplying $4,000 in maximum statutory
6 damages by 129 of Defendant's Drivers plus 57 drivers provided by
7 CPL to Defendant for a total of $744,000.  Id.; Cal. Labor Code §
8 226(a) (Maximum damages of $4,000).  The Court recognizes that this
9 amount is also inflated because Defendant has not produced evidence
10 to support maximum damages for every driver.  See Cifuentes v. Red
11 Robin Int'l, Inc., No. C-11-5635-EMC, 2012 U.S. Dist. LEXIS 27211,
12 at *14-15 (N.D. Cal. Mar. 1, 2012) (Defendant failed to meet legal
13 certainty standard when it did not provide an evidentiary basis for
14 its assumptions and estimates).

15         c.   Waiting Time Penalties

16     For this cause of action, Defendant calculates damages based
17 on the statutory maximum of 30 days for every driver who terminated
18 their employment during the preceding four years.  Plaintiff
19 responds that there is no evidence that every driver waited 30 days
20 or longer, and that the statute of limitations for this claim is
21 three years, not four.

22     The Court agrees that Defendant's calculation is not based on
23 concrete evidence, and thus does not meet the legal certainty
24 standard.  See Cifuentes, 2012 U.S. Dist. LEXIS 27211, at *14-15.
25 Further, Plaintiff is correct that the statute of limitations for
26 waiting time penalties, distinct from back wages claimed through
27 Plaintiff's § 17200 claim, is three years.  Pineda v. Bank of Am.,
28 N.A., 241 P.3d 870, 876 (Cal. 2010).  Accordingly, the Court finds

that Defendant has not met its burden to show an amount in controversy with legal certainty based upon concrete evidence and therefore cannot include any amount for this claim in the total amount in controversy calculation.

### d. Other Damages

Defendant argues that other claims pleaded by Plaintiff will also increase the amount in controversy. In support of this argument, Defendant asks the Court to assume that "each driver worked one hour of uncompensated overtime and missed one meal break per week." Opp., at 11. Plaintiff responds that those damages are entirely speculative and based on insufficient evidence in light of Defendant's burden to prove jurisdiction.

The Court agrees with Plaintiff's argument. Defendant cites no evidence to support the claim that all of the drivers went uncompensated for overtime and meal breaks at the rate of one hour and meal per week. The calculation of other damages in the original Notice of Removal are improper for the same reason, as those damages were based on the assumption that compensatory damages will exceed $25,000 per class member without evidentiary support. Accordingly, Defendant has not proven these damages to a legal certainty and they can not be considered by the Court. See Cifuentes, 2012 U.S. Dist. LEXIS 27211, at *14-15.

### e. The Cost of Compliance of Injunctive Relief

Defendant presents evidence that injunctive relief sought in Plaintiff's Business & Professions Code § 17200 claim will cost $130,088 in the first year and $65,600 each additional year. Thus, for a 10 year injunction, the cost will be $720,488 and the cost will be unlimited for a permanent injunction. Plaintiff responds

that the cost of compliance with an injunction is not considered for amount in controversy analyses.

The rule cited by Plaintiff originates in Snow v. Ford Motor Co., 561 F.2d 787 (9th Cir. 1977). The holding in that case was based on a then-existing rule that the costs of complying with injunctive relief could not be used for jurisdictional purposes because class claims could not be aggregated. Id. at 790. CAFA, passed in 2005, requires the aggregation of claims, so the Snow rule is of dubious applicability to the present case.

Turning to the merits of Defendant's position, the Court finds that the costs of complying with an injunction are not properly considered to be an amount in controversy for jurisdictional purposes in this particular case. The relief requested by Plaintiff is that Defendant be ordered to comply with state wage and hour laws insofar as they are applicable to Defendant. Plaintiff's injunction will not create the costs associated with compliance because, if Plaintiff's allegations are true, Defendant is supposed to comply with state law regardless. Thus, the prospective costs of complying with the injunctive relief requested are incidental to that relief. Incidental costs are not included in the amount in controversy analysis. Parham v. McDonald's Corp., No. C 11-511 MMC, 2011 WL 2860095, at *1 (N.D. Cal. July 20, 2011) (citing In re Ford Motor Co., 264 F.3d 952, 958 (9th Cir.2001) (holding, where injunctive relief sought, "amount in controversy is the pecuniary result to either party which the judgment would directly produce")) (emphasis added). Thus, the costs of injunctive relief properly considered for remand purposes are costs such as restitution of improperly withheld wages, and not the cost

of merely complying with the law.

      f. <u>The Aggregate Amount in Controversy</u>

  After adjusting the total amount in controversy to reflect the Court's findings, it is clear that Defendant has not met its burden of showing with concrete evidence that the amount in controversy is greater than $5,000,000.  The amount in controversy shown by Defendant is, at most, as follows:

| | |
|---|---|
| PAGA Claim | $1,407,175 |
| Non-Compliant Wage Statements Claim | $744,000 |
| Waiting Time Penalties Claim | Insufficient evidence. |
| Attorneys' fees (Defendant Calculates as 25% of Damages) | $537,793.75 |
| Injunctive Relief | Cannot be included in calculation |
| Other Damages | Insufficient evidence. |
| **Total:** | **$2,019,368.75** |

Plaintiff disputes other components of the amounts listed above. It is not necessary to reach Plaintiff's arguments concerning the propriety of assuming maximum damages for certain claims, and the statute of limitations assumed by Defendant since the Court already finds that Defendant has not met its burden to show $5 million in controversy.  Accordingly, Plaintiff's motion is granted.

          III. ORDER

  For the reasons discussed above, the Court GRANTS Plaintiff's Motion to Remand.  This action is hereby remanded back to the Superior Court of San Joaquin County, California.  The Court orders the clerk to close this case.

  IT IS SO ORDERED.

Dated: March 28, 2012

                 JOHN A. MENDEZ,
                 UNITED STATES DISTRICT JUDGE